United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

─────────────

04-30095
Summary Calendar

─────────────

**HUMBERTO HINOJOSA,**

**Plaintiff-Appellant,**

**versus**

**OSSIE B. BROWN,**

**Defendant-Appellee.**

─────────────

**Appeals from the United States District Court
for the Western District of Louisiana
2:02-CV-1224**

─────────────

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Humberto Hinojosa appeals, *pro se*, denial of his motion to alter or amend judgment. *See* FED. R. CIV. P. 59(e). On 4 November 2003, in awarding summary judgment to Ossie B. Brown, the district court dismissed Hinojosa's complaint with prejudice (finding his claims barred by *res judicata*) and imposed sanctions against him under Federal Rule of Civil Procedure 11. Hinojosa filed a Rule 59(e) motion which was summarily denied. Within ten days of that denial, Hinojosa sent a letter to the district court, which was treated as an additional Rule 59(e) motion. On 21 January 2004,

─────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court denied the second Rule 59(e) motion, stating the claims were time barred when it issued its 4 November 2003 order and were time barred still.

Hinojosa claims this denial alters the 4 November order because it relies on his claims being time barred rather than barred by *res judicata*.  Hinojosa does not demonstrate how this claimed alteration would entitle him to relief.  In any event, the 21 January denial does not alter the earlier order.  Rather, the district court was attempting to clarify for Hinojosa that, because his claims were time barred in 2003, they are time barred now.  As held by the district court in its November 2003 order, the claims are also barred by *res judicata*.

***AFFIRMED***